UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAMER TAHABSEM, ERICK PUJOLOS,
JONILA NOBOA and GILLIAN PEARSON,

                      Plaintiffs,               **COMPLAINT**

      -against-                              Case No.:

MIDDLETOWN CHICKEN, LLC
and ALAP PATEL,

                      Defendants.
-----------------------------------------------------------X

      Plaintiffs, SAMER TAHABSEM, ERICK PUJOLOS, JONILA NOBOA and GILLIAN PEARSON, by and through their attorneys, DRAKE LOEB PLLC, complain of the defendants, MIDDLETOWN CHICKEN, LLC and ALAP PATEL, as follows:

### NATURE OF ACTION

      1.     The plaintiffs were collectively employed by the defendants MIDDLETOWN CHICKEN, LLC and ALAP PATEL and/or their subsidiary or related companies at various times from on or about 2013 to 2015. At all times relevant to this Complaint, the defendants failed to pay the plaintiffs minimum wages and otherwise required the plaintiffs to work in excess of forty hours per week, without paying them overtime compensation, in violation of State and Federal labor laws.

      2.     The plaintiffs now bring this action to recover unpaid overtime wages, minimum wages, "spread of hours" pay, liquidated damages, punitive damages, interest, attorney's fees, and costs pursuant to the Federal Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), N.Y. Lab. Law § 190 *et. seq.*, and the "spread of hours" wage

order of the New York Commissioner of Labor codified at 12 NYCRR §142-2.4 (2005) (herein, the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Supplemental jurisdiction over plaintiff's State law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events and omissions giving rise to the claims occurred in the State of New York within this District. The defendants employed the plaintiffs in this District.

## THE PARTIES

5. The plaintiff, SAMER TAHABSEM, is an adult individual residing in Orange County, New York. He was employed by the defendants from on or about September 2013 to September 2014 and again between on or about December 2014 to June 2015.

6. The plaintiff, ERICK PUJOLOS, is an adult individual residing in Orange County, New York. He was employed by the defendants from on or about June 2014 to May 2015.

7. The plaintiff, JONILA NOBOA, is an adult individual residing in Orange County, New York. She was employed by the defendants from on or about October 2014 to June 2015.

8. The plaintiff, GILLIAN PEARSON, is an adult individual residing in Orange County, New York. She was employed by the defendants from on or about January 2013 to June 2015.

9. The defendant MIDDLETOWN CHICKEN, LLC is a New York domestic limited liability corporation with a business addresses located at 15 Nicolosi Drive, Staten Island, New York 10312 and 264 Route 211 E, Middletown, NY 10940. MIDDLETOWN CHICKEN, LLC is an enterprise engaged in interstate commerce and has gross annual sales of over $500,000.00.

10. ALAP PATEL is an individual engaged in business in the County of Orange in New York. ALAP PATEL is sued individually in his capacity as an owner, officer, manager and/or agent of defendant MIDDLETOWN CHICKEN, LLC and resides in New York. Upon information and belief, ALAP PATEL has the power to hire and fire employees, set their wages, set their schedules, and maintain employee records.

## STATEMENT OF FACTS

11. At all times relevant to this action, the plaintiffs were employed for the defendants MIDDLETOWN CHICKEN, LLC d/b/a Popeye's Louisiana Kitchen. This business is owned and operated by the defendants, located in Orange County, New York.

12. At all times relevant to this action, MIDDLETOWN CHICKEN, LLC conducted business under the name of MIDDLETOWN CHICKEN, LLC and/or Popeye's Louisiana Kitchen, and operated said business at 264 Route 211 E, Middletown, NY 10940.

13. In or about September 2013, the defendants required the plaintiff, SAMER TAHABSEM, to attend training sessions in the defendants' New Windsor location.

SAMER TAHABSEM attended approximately thirty (30) hours of training in the defendants' New Windsor location at the request of the defendants, during his normal working hours, and performing productive work which was directly related to his employment with the defendants.

14. At no point in time did the defendants pay SAMER TAHABSEM for the approximately thirty (30) hours he attended training sessions in the defendants' New Windsor location as required by law.

15. At all relevant times, the defendants required the plaintiff, SAMER TAHABSEM, to work over forty hours each week, and SAMER TAHABSEM in fact worked over forty hours each week. On average, SAMER TAHABSEM worked approximately 42 to 50 hours per week as an employee of the defendants.

16. At no point in time did the defendants pay SAMER TAHABSEM at the rate of 1 ½ times his regular pay for each hour worked in excess of forty hours in a work week as required by law.

17. At all relevant times, the defendants required the plaintiff, ERICK PUJOLOS, to work over forty hours each week, and ERICK PUJOLOS in fact worked over forty hours each week. On average, ERICK PUJOLOS worked approximately 45 to 60 hours per week as an employee of the defendants.

18. At no point in time did the defendants pay ERICK PUJOLOS at the rate of 1 ½ times his regular pay for each hour worked in excess of forty hours in a work week as required by law.

19. At all relevant times, the defendants required the plaintiff, JONILA NOBOA, to work over forty hours each week, and JONILA NOBOA in fact worked over

forty hours each week. On average, JONILA NOBOA worked approximately 42 to 50 hours per week as a Crew Member for the defendants.

20. At no point in time did the defendants pay JONILA NOBOA at the rate of 1 ½ times her regular pay for each hour worked in excess of forty hours in a work week as required by law.

21. In addition, in or about 2015, the defendants failed to pay JONILA NOBOA the minimum wage for all hours of work performed each week, for approximately four (4) weeks, as required by law. In or about January 2015, defendants paid JONILA NOBOA at a rate of $8.00 per hour for all hours of work performed each week, for approximately four (4) weeks.

22. In or about December 2013, the defendants required the plaintiff, GILLIAN PEARSON, to attend training sessions in the defendants' Middletown location. GILLIAN PEARSON attended approximately twenty-four (24) hours of training in the defendants' Middletown location at the request of the defendants, during her normal working hours, and performing productive work which was directly related to her employment with the defendants.

23. At no point in time did the defendants pay GILLIAN PEARSON for the approximately twenty-four (24) hours she attended training sessions in the defendants' Middletown location as required by law.

24. At all relevant times, the defendants required the plaintiff, GILLIAN PEARSON, to work over forty hours each week, and GILLIAN PEARSON in fact worked over forty hours each week. On average, GILLIAN PEARSON worked approximately 42 to 50 hours per week as a Crew Member for the defendants.

25. At no point in time did the defendants pay GILLIAN PEARSON at the rate of 1 ½ times her regular pay for each hour worked in excess of forty hours in a work week as required by law.

26. In addition, in or about January 2014, the defendants failed to pay GILLIAN PEARSON the minimum wage for all hours of work performed each week, for approximately four (4) weeks, as required by law. In or about January 2014, defendants paid GILLIAN PEARSON at a rate of $7.55 per hour for all hours of work performed each week, for approximately four (4) weeks.

27. Upon information and belief, at all relevant times, the defendants frequently required the plaintiffs to work over ten (10) hours per day, and the plaintiffs in fact frequently worked over ten hours per day.

28. Upon information and belief, at no point in time did the defendants pay the plaintiffs one additional hour's pay at the minimum wage rate before allowances for each day their spread of hours exceeded ten hours in a single work day as required by law.

29. The defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York State Labor Law by neglecting to maintain accurate time sheets and payroll records. Specifically, defendants neglected to maintain records indicating the actual number of hours the plaintiff worked each day and the total number of hours they worked each work-week.

31. At no time during the course of this action did plaintiffs ever observe on defendants' premises any posted notices regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations, or the procedures for filing a charge for violations of these State and Federal Labor Laws.

FIRST CAUSE OF ACTION
VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

32. Plaintiffs allege and reallege the paragraphs above.

33. At all relevant times to this action, plaintiffs were engaged in interstate commerce, or in an industry or activity affecting commerce.

34. At all relevant times to this action, defendants were engaged in interstate commerce, or in an industry or activity affecting commerce.

35. The defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r). Defendants have at least two employees individually engaged in commerce and had an annual gross volume of sales in excess of $500,000.00 for each year relevant to this action.

36. At all times relevant to this action, defendants were plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

37. Defendants intentionally and willfully failed to pay plaintiffs their overtime compensation at the rate of one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207(a)(1).

38. Defendants intentionally and willfully failed to pay plaintiff, SAMER TAHABSEM, any compensation for each hour that he attended mandatory training sessions at the defendants' New Windsor location at the request of the defendants, in violation of 29 U.S.C. § 206 (a).

39. Defendants intentionally and willfully failed to pay plaintiff, GILLIAN PEARSON, any compensation for each hour that she attended mandatory training sessions at the defendants' Middletown location at the request of the defendants, in violation of 29 U.S.C. § 206 (a).

40. Defendants' failure to pay plaintiffs their minimum wages and overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

41. The plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

42. Plaintiffs allege and reallege the paragraphs above.

43. At all relevant times to this action, defendants were plaintiffs' employers within the meaning of New York Labor Law §§ 2 and 651. Defendants had the right to hire and fire the plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

44. Defendants willfully failed to pay the plaintiffs their overtime compensation at the rate of one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of New York Labor Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

45. Defendants did not pay plaintiffs within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay plaintiffs in a timely fashion, in violation of New York Labor Law § 191.

46. Defendants also intentionally and willfully failed to pay plaintiffs, JONILA NOBOA and GILLIAN PEARSON, the minimum wage for all hours of work performed each week, for approximately four (4) weeks, in violation of New York Labor Law § 652.

47. Defendants' failure to pay plaintiffs their overtime compensation and the minimum wage rate was willful within the meaning of New York Labor Law § 663.

48. Defendants' New York Labor Law violations have caused the plaintiffs irreparable harm for which there is no adequate remedy at law.

49. The plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSION OF LABOR

50. Plaintiffs allege and reallege the paragraphs above.

51. Defendants failed to pay the plaintiffs one additional hour's pay at the minimum wage rate before allowances for each day his spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor, codified at 12 NYCRR § 142-2.4.

52. Defendants' failure to pay the plaintiffs an additional hour of pay for each day their spread of hours exceeded ten was willful within the meaning of New York Labor Law § 663.

53. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment against the defendants:

(a) Declaring that the defendants have violated the wage and overtime provisions of the FLSA and New York Labor Law;

(b) Declaring that the defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c) Declaring that the defendants' violations of the FLSA and New York Labor Law were willful;

(d) Declaring that the defendants' conduct was retaliatory and unlawful;

(e) Awarding plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums and spread of hours pay under the FLSA and the New York Labor Law, including attorney's fees;

(f) Awarding the plaintiffs liquidated damages owed pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 198l

(g) Awarding the plaintiffs punitive damages; and

(h) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury on all claims so triable.

Dated: New Windsor, New York
August 4, 2015

Respectfully submitted,

DRAKE LOEB PLLC

BY: *ALANA R. BARTLEY, ESQ. (AB-0820)*
*Attorneys for Plaintiffs*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12550
Tel. No.: (845) 561-0550

TO: MIDDLETOWN CHICKEN, LLC
15 Nicolosi Drive
Staten Island, New York 10312

MIDDLETOWN CHICKEN, LLC
264 Route 211 East
Middletown, NY 10940

ALAP PATEL
44 Pamela Road
Cortlandt Manor, NY 10567